## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NATHAN SAUNDERS and JUDY HOOK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAPPI NORTH AMERICA, INC. F/K/A S.D. WARREN COMPANY, S.D. WARREN COMPANY, SAPPI LTD., SCOTT PAPER COMPANY, KIMBERLY-CLARK CORPORATION, UPM-KYMMENE, INC., NORTHERN SC PAPER CORPORATION, PERRY VIDEX, LLC, INFINITY ASSET SOLUTIONS, NEW MILL CAPITAL LLC, GO LAB, INC., HUHTAMAKI OYJ, HUHTAMAKI, INC., INTERNATIONAL PAPER COMPANY, VERSO CORPORATION, PIXELLE SPECIALTY SOLUTIONS, AND PINE TREE WASTE, INC. D/B/A CENTRAL MAINE DISPOSAL<br><br>Defendants | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Sappi North America, Inc. ("Sappi"), hereby submits this Notice of Removal, removing to the United States District Court for the District of Maine the case brought by Plaintiffs Nathan Saunders and Judy Hook, individually and on behalf of all others similarly situated ("Plaintiffs").

In support of its Notice of Removal and as grounds for removal, Sappi states as follows:

### I.   Factual and Procedural Background

1.      On or about March 5, 2021, Plaintiff Nathan Saunders commenced an action in the Superior Court in the Town of Skowhegan, County of Somerset, State of Maine, captioned *Nathan*

*Saunders, et al. v Sappi North America, Inc., et al.,* Docket No. CV-2021-19 (the "State Court Action".)

2.      On or about June 2, 2021, Plaintiffs Nathan Saunders and Judy Hook filed their First Amended Class Action Complaint ("Complaint").

3.      On behalf of Plaintiffs and the putative class members, the Complaint alleges seven causes of action based on Defendants' alleged discharge, distribution, and/or spraying of per- and polyfluoraolkyl substances ("PFAS").  Ex. A, ¶¶ 99-156.

4.      The Complaint alleges that the putative class includes "tens of thousands of current and former residents and property owners who were unlawfully exposed to PFAS."  Ex. A, ¶ 92.

5.      The Complaint seeks nominal, compensatory, and punitive damages for Plaintiffs and putative class members for real property damage, out of pocket expense, personal property damage, loss of use and enjoyment of property, diminution in property value, annoyance, upset, aggravation, and inconvenience allegedly caused by Defendants' conduct.  Ex. A, ¶¶ 132, 141, 156, Request for Relief (b), (c), and (e).

6.      Additionally, the Complaint seeks an award to fund a medical monitoring program for "medically necessary diagnostic testing for the early detection of illness, disease or disease process" for Plaintiffs and all putative class members. Ex. A, ¶¶ 104-107, Request for Relief (h)(i).

7.      Sappi was served with a copy of the Summons and Complaint on August 25, 2021. As such, pursuant to Fed. R. Civ. P. 6(a) and 28 U.S.C. §§ 1446(b) and 1453(b), this Notice of Removal is timely, as it is filed by Sappi within thirty (30) days of the date on which Sappi was served with a copy of the pleading setting forth the claim for relief upon which the action is based.

8.      Sappi has not filed a responsive pleading to the Complaint.  Pursuant to 28 U.S.C. § 1446(a), attached to this Notice of Removal as exhibits are true and correct copies of the

Complaint, Summons, and Service of Process Transmittal, which constitute all process, pleadings, and orders served on Sappi in this action.  *See* Exs. A, B, C.

9.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served contemporaneously on Plaintiffs' counsel and is being filed with the Clerk of the Somerset County Superior Court.

10.      As of the date and time of filing of this Notice of Removal, no hearings have been set and trial has not been scheduled in the State Court Action.

## II.      Jurisdiction and Venue

11.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court in the Town of Skowhegan, County of Somerset, Maine, where the State Court Action was filed and has been pending prior to removal, is a state court within this federal district and division.

12.      This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d).   Under CAFA, minimal diversity exists between Sappi and at least one Plaintiff; the amount in controversy exceeds $5,000,000; and the class purports to be greater than 100 persons.

13.      Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because: (i) complete diversity exists between Plaintiffs and properly joined and served Defendants; and (ii) the amount in controversy exceeds $75,000.[1]

---

[1] Although this action was filed as a putative class action, it is appropriate to consider the availability of diversity jurisdiction on an independent basis. *See, e.g., Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007) ("Federal diversity jurisdiction still exists for other class actions that satisfy the general diversity jurisdiction provision of § 1332(a)"); *Shah v. Hyatt Corp.*, 425 F. App'x 121 (3d Cir. 2011) (no CAFA jurisdiction, but diversity jurisdiction under § 1332(a)).

**GROUNDS FOR REMOVAL**

### III.     The Court Has Jurisdiction Under CAFA

14.     CAFA provides that a district court has original jurisdiction over any action in which (i) minimal diversity exists between a defendant and any member of a class of plaintiffs; (ii) the purported class is comprised of at least 100 persons; and (iii) the matter in controversy exceeds the sum or value of $5 million, exclusive of costs and interest.  28 U.S.C. § 1332(d)(2), (5).  "CAFA allows class actions originally filed in state courts … to be removed to the federal courts if they conform to th[is] statutory profile." *Coll. Of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 39 (1st Cir. 2009).  "To satisfy CAFA's definition of a class action, a case need only be filed under *either* Federal Rule of Civil Procedure 23 or some state-law analogue of that rule." *Id.* at 39-40 (internal quotation marks omitted).

15.     Plaintiffs have styled their Complaint as a putative class action under Rule 23 of the Maine Rules of Civil Procedure, making this action appropriate for removal under CAFA.  Ex. A, ¶ 88.  Moreover, as addressed below, the three statutory requirements of CAFA are satisfied.

#### A.     Minimal Diversity Exists Between Plaintiffs and Sappi

16.     As of the date of the Complaint, both Plaintiffs Saunders and Hook are citizens of Maine, owning and occupying property in Fairfield and Clinton, Maine, respectively.  Ex. A, ¶¶ 2, 4; *see Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008) (establishing that citizenship is determined by reference to a party's domicile, which in turn "is the place where he has his true, fixed home and principal establishment").

17.     Defendant Sappi is a corporation organized under the laws of, and existing in, the Commonwealth of Pennsylvania, with its principal place of business located in Boston, Massachusetts.  Ex. A, ¶ 6; *see Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016)

(for purposes of diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business).

18.     Accordingly, the requisite minimal diversity exists between Plaintiffs and Sappi to remove this action under CAFA.

B.     The Purported Class Consists of At Least 100 People

19.     CAFA requires that the number of members of the proposed class total at least 100. 28 U.S.C. § 1332(d)(5).  Plaintiffs allege that "the proposed Class includes tens of thousands of current and former residents and property owners who were unlawfully exposed to PFAS."  Ex. A, ¶ 92.  Accordingly, this CAFA criterion is satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).

C.     The Amount in Controversy Exceeds $5 Million

20.     Sappi denies Plaintiffs' allegations of wrongful conduct.  Sappi also intends to oppose class certification of this action and denies that any class can be certified under the rigorous analysis required by Fed. R. Civ. P. 23.  For purposes of establishing the amount in controversy, however, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014).   This Court need only consider extrinsic evidence in support of Sappi's allegation if Plaintiffs dispute that the amount in controversy meets the jurisdictional threshold.  *Id.*

21.     Here, Plaintiffs purport to represent a class of "tens of thousands of current and former residents and property owners" in Kennebec and Somerset Counties allegedly exposed to PFAS.  Ex. A, ¶ 92.

22.     As a result of Defendants' alleged conduct, Plaintiffs seek nominal, compensatory, and punitive damages for Plaintiffs' and putative class members' real property damage, out of

pocket expense, personal property damage, loss of use and enjoyment of property, diminution in property value, annoyance, upset, aggravation, and inconvenience.  Ex. A, ¶¶ 132, 141, 156, Request for Relief (b), (c), and (e).

23.    Moreover, Plaintiffs seek a monetary award to fund a medical monitoring program for these tens of thousands of putative class members to fund the cost of diagnostic testing for the early detection of cancer and other illnesses allegedly caused by exposure to PFAS.  Ex. A, ¶¶ 104-107, Request for Relief (h)(i).

24.    Plaintiffs' request for a medical monitoring fund alone establishes the requisite amount in controversy under CAFA.  *See Anderson v. Hackett*, 646 F. Supp. 2d 1041, 1046 (S.D. Ill. 2009) (finding removing defendants established $5,000,000 was in controversy in action against landfill owners where putative class included "tens of thousands" of landowners seeking ongoing medical monitoring and injunctive relief, observing, "[f]rankly, the Court is at a loss as to how Plaintiffs can seriously argue … that the amount in controversy requirement is not met").  Even assuming the class contained only ten thousand members, instead of "tens of thousands" as alleged, each class member would need to seek recovery of only $500, including for the necessary amount to fund medical monitoring and diagnostic testing for the rest of their lives, to meet the $5,000,000 threshold.  Other cases involving claims for medical monitoring show that the cost *per year* per plaintiff is likely to exceed the $500 amount in controversy threshold.  *See, e.g.*, *Metro-North Commuter R.R. Co. v. Buckley*, 521 U.S. 424, 442 (1997) (stating that the plaintiff sought $950 per year for thirty-six years for monitoring costs due to asbestos exposure); *Caronia v. Philip Morris USA, Inc.*, No. 06-CV-224 (CBA)(SMG), 2011 WL 338425, at *1 (E.D.N.Y. Jan. 13., 2011) (noting that the plaintiffs claimed costs of medical monitoring amounted to about $500 *per year*).

25.     Even if that alone was not sufficient, Plaintiffs' alleged damages for diminution in property values, interference with enjoyment of property, and other real and personal property damages allegedly caused by PFAS contamination further supports the $5,000,000 amount in controversy under CAFA. *See, e.g.*, *Ictech-Bendeck v. Progressive Waste Sols. of LA, Inc.*, 367 F. Supp. 3d 555, 561 (E.D. La. 2019) (denying motion to remand in action against landfill for nuisance, finding CAFA amount in controversy established where claims were brought on behalf of all members of a Louisiana parish suffering nuisance, diminution of property value, and interference with enjoyment of property related to emission of noxious odors); *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1357 (N.D. Fla. 2011) (finding "little question" that CAFA threshold was met in action alleging contamination of property near wood treatment facility, seeking injunctive relief and damages for diminution in value of property brought on behalf of putative class estimated to include between 104 and 114 members); *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008) (reversing remand of multiple class actions on behalf of 300 putative class members, asserting claims for nuisance against paper mill resulting from contamination of portions of river downstream from mill).

26.     Plaintiffs do not contest that their class claims exceed $5,000,000. *See* ASSOCIATED PRESS, *Maine Man Sues Paper Mill Over Levels of "Forever Chemicals"* (March 9, 2021), *available at* https://apnews.com/article/lawsuits-north-america-wastewater-maine-7b19021c053690894688d5c6c0979d16 ("An attorney for Saunders, Brian Mahany, told the Sentinel that the damages 'will be in the tens of millions of dollars.'").

27.     Notwithstanding the denials and defenses that Sappi intends to assert to the allegations of the Complaint, including opposing the certification of any putative class, the $5,000,000 amount in controversy under CAFA is satisfied for removal.

28.     Because this action is being removed pursuant to 28 U.S.C. § 1453(b), Sappi may remove this action "without the consent of all defendants."

29.     Finally, this action is not one described in 28 U.S.C. § 1332 or 28 U.S.C. § 1453 as non-removable, and no statutory exception to CAFA jurisdiction applies.   *See* 28 U.S.C. §§ 1332(d)

## IV.     Additionally, This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

### A.     Diversity Exists Between Plaintiffs and "Properly Joined and Served" Defendants

30.     As detailed above, as of the date of the Complaint, both Plaintiffs Saunders and Hook are citizens of Maine, owning and occupying property in Fairfield and Clinton, Maine, respectively.  Ex. A, ¶¶ 2, 4; *see Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008) (establishing that citizenship is determined by reference to a party's domicile, which in turn "is the place where he has his true, fixed home and principal establishment").

31.     Defendant Sappi is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in Boston, Massachusetts.  Ex. A, ¶ 6; *see Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016) (for purposes of diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business).

32.     The only other Defendant that, to Sappi's knowledge after diligent inquiry as described below, has been served with the Complaint, International Paper Company, a corporation organized under the laws of the State of New York, with its principal place of business located in Tennessee, Ex. A, ¶ 32, consents to this Notice of Removal.

33.     S.D. Warren Company is a predecessor in interest to Sappi and no longer a legal entity separate from Sappi.  As reflected in Exhibits D and E, Plaintiffs attempted to serve S.D.

Warren Company separately.  For purposes of removal, S.D. Warren Company is also a non-forum defendant, Ex. A, ¶¶ 6-7, and consents to removal.

34.     Undersigned counsel for Sappi also represent non-forum Defendant Sappi Ltd., Ex. A, ¶ 9, which has not been served with the Complaint as of the date of filing this Notice of Removal.

35.     Sappi has communicated with Defendants UPM-Kymmene, Inc.; Northern SC Paper Corporation; Perry Videx, LLC; Infinity Asset Solutions; New Mill Capital, LLC; Verso Corporation; Huhtamaki Oyj; Huhtamaki, Inc.; and Pixelle Specialty Solutions, all of which are also non-forum Defendants.  Ex. A, ¶¶ 16-17, 24-29.  All of these non-forum Defendants represented to Sappi that, to their knowledge, they have not been "properly joined and served" in this action pursuant to 28 U.S.C. § 1441(b)(2).

36.     Defendants Pine Tree Waste d/b/a Central Maine Disposal and Go Lab, Inc. are the only forum Defendants in this action. Ex. A, ¶¶ 30, 41 (alleging that Pine Tree Waste d/b/a Central Maine Disposal is a Maine corporation and that Go Lab, Inc. has its principal place of business in Maine).  Defendants Pine Tree Waste d/b/a Central Maine Disposal and Go Lab, Inc. represented to Sappi that, to their knowledge, they have not been served with the Complaint.  *See DaSilva v. Germany*, No. 18-11184-WGY, 2021 WL 210788, at *2 (D. Mass. Jan. 21, 2021) ("[W]here a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint." (internal quotation marks omitted)); *Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 322 (D. Mass. 2013) (holding that a non-forum defendant may properly remove an action to federal court if served before the forum defendant).

37.     Sappi made reasonable but unsuccessful efforts to contact Defendants Scott Paper Company and Kimberly-Clark Corporation, neither of whom is a forum Defendant in this action. Ex. A, ¶¶ 11, 13.   Sappi is not aware that either Scott Paper Company or Kimberly-Clark Corporation has been served with the Complaint as of the time of filing this Notice of Removal.

38.     At the time of filing this Notice of Removal, complete diversity of citizenship exists between Plaintiffs and Defendants properly joined and served.  Moreover, all Defendants properly joined and served consent to this Notice of Removal.

B.     The Amount In Controversy Exceeds $75,000

39.     Both Plaintiff Saunders and Plaintiff Hook, individually and not in the aggregate, seek to recover more than $75,000, exclusive of interests and costs, based on the allegations of the Complaint.  *See Owens*, 574 U.S. at 89 (explaining that a removing defendant need only make a plausible allegation of amount in controversy, and that a court may consider extrinsic evidence in support of that allegation only if plaintiff disputes amount in controversy).

40.     Plaintiff Saunders alleges that, as result of Defendants' conduct, his private drinking well is contaminated with PFAS at more than 12,910 parts per trillion, "nearly 185 times greater than the United States Environmental Protection Agency ("EPA") Health Advisory limit of 70" parts per trillion.  Ex. A, ¶ 3.

41.     Plaintiff Saunders alleges that typical water treatment systems "did not and do not filter" PFAS chemicals from contaminated water.  Ex. A, ¶ 58.

42.     Plaintiff Saunders alleges that he has been exposed to "toxic levels of the chemicals that are known to cause debilitating and catastrophic illnesses and diseases."  Ex. A, ¶ 87.

43.     As a result of Defendants' alleged conduct, Plaintiff Saunders seeks to recover as damages the diminution in his property value, the loss of use and enjoyment of his property, emotional distress, and "the necessity for long-term medical monitoring."  Ex. A, ¶ 3.

44.     More specifically, Plaintiff Saunders alleges that he has suffered the "present harm for the need for the cost of diagnostic testing for the early detection of cancer and other illnesses" allegedly caused by PFAS exposure.  Ex. A, ¶ 104.

45.     Plaintiff Saunders alleges that he has been deprived of the value of his real property as a result of Defendants' conduct, including the ability to use his property as a source of collateral for financing.  Ex. A, ¶ 121.

46.     Moreover, as a result of Defendants' alleged "willful, wanton, reckless, and outrageous" conduct, Plaintiff Saunders further seeks an award of punitive damages.  *See Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 741 F. Supp. 2d 222, 233 (D.D.C. 2010) (holding that "punitive damages count toward the amount in controversy" requirement).

47.     Similarly, Plaintiff Hook alleges that, as a result of Defendants' conduct, "her real property has been contaminated by egregiously high and plainly dangerous levels of PFAS."  Ex. A, ¶ 4.

48.     Plaintiff Hook also alleges that she has been exposed to "toxic levels of the chemicals that are known to cause debilitating and catastrophic illnesses and diseases."  Ex. A, ¶ 87.

49.     As a result of Defendants' alleged conduct, Plaintiff Hook seeks to recover as damages the diminution in her property value, the loss of use and enjoyment of her property, emotional distress, and "the necessity for long-term medical monitoring."  Ex. A, ¶ 3.

50.     More specifically, Plaintiff Hook alleges that she has suffered the "present harm for the need for the cost of diagnostic testing for the early detection of cancer and other illnesses" allegedly caused by PFAS exposure.  Ex. A, ¶ 104.

51.     Plaintiff Hook alleges that she has been deprived of the value of her real property as a result of Defendants' conduct, including the ability to use her property as a source of collateral for financing.  Ex. A, ¶ 121.

52.     Moreover, as a result of Defendants' alleged "willful, wanton, reckless, and outrageous" conduct, Plaintiff Hook further seeks an award of punitive damages.  *See Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 741 F. Supp. 2d 222, 233 (D.D.C. 2010) (holding that "punitive damages count toward the amount in controversy" requirement).

53.     Although Sappi denies that Plaintiff Saunders is entitled to any monetary or other relief, the plain allegations of the Complaint demonstrate that Plaintiff Saunders seeks to recover more than $75,000, including damages for real and personal property damage, out of pocket expense, loss of use and enjoyment of property, diminution in property value, emotional distress, and the costs for long-term medical monitoring.  Ex. A, ¶ 156.  Therefore, the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) is satisfied for Plaintiff Saunders.

54.     Although Sappi denies that Plaintiff Hook is entitled to any monetary or other relief, the plain allegations of the Complaint demonstrate that Plaintiff Hook seeks to recover more than $75,000, including damages for real and personal property damage, out of pocket expense, loss of use and enjoyment of property, diminution in property value, emotional distress, and the costs for long-term medical monitoring.  Ex. A, ¶ 156.  Therefore, the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) is also satisfied for Plaintiff Hook.

**WHEREFORE**, pursuant to both 28 U.S.C. § 1332(d) and § 1332(a), Sappi respectfully removes this action to this Court for further proceedings according to law.

Dated at Portland, Maine, this 25th day of August, 2021

/s/ *John J. Aromando*
John J. Aromando
Nolan L. Reichl
Sara A. Murphy
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel:  (207) 791-1100
jaromando@pierceatwood.com
nreichl@pierceatwood.com
smurphy@pierceatwwod.com

*Attorneys for Sappi North America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2021, I electronically filed the foregoing document via

e-mail to the United States District Court, Bangor, Maine, and served the same, via e-mail and

U.S. Mail, postage prepaid, upon counsel of record addressed as follows:

> Brian H. Mahany
> Mahany Law
> 8112 W. Bluemound Road, Suite 101
> Milwaukee, WI 53213
> Email: brian@mahanylaw.com

Dated at Portland, Maine, this 25th day of August, 2021

> */s/ John J. Aromando*
> John J. Aromando
> Pierce Atwood LLP
> Merrill's Wharf
> 254 Commercial Street
> Portland, ME 04101
> (207) 791-1100
> jaromando@pierceatwood.com
>
> *Attorneys for Sappi North America, Inc.*